IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOAN GAHAGAN                                                                                    PLAINTIFF

vs.                                              Civil No. 2:15-cv-02162

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joan Gahagan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on November 4, 2010. (Tr. 30). In these applications, Plaintiff alleges being disabled due to liver cirrhosis, diabetes, left arm surgery, asthma, and sleep apnea. (Tr. 189). These applications were denied initially and again upon reconsideration. (Tr. 80-83).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 40-79). This hearing was held on October 27, 2011 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Susan Brock. *Id.* Plaintiff and Vocational Expert ("VE") James Brackens testified at this hearing. *Id.*

On May 18, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-20). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 22, 2012, her alleged onset date. (Tr. 12, Finding 2). The ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease; status post ulnar nerve transposition for cubital tunnel syndrome; obesity; diabetes mellitus; essential hypertension; chronic post-traumatic stress disorder; depression secondary to a medical condition (pain); and dependent traits. *Id.* The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

The ALJ determined in this opinion that Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 19, Finding 7). As for her education level, Plaintiff had "at least a high school education" and was able to communicate in English. (Tr. 19, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she frequently is able to use her left upper extremity.  She must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation and similar environments and had no exposure to extreme heat. Nonexertionally, the claimant is able to perform work limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes, no more than incidental contact with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff did not retain the capacity to perform her PRW.  (Tr. 19-20, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other occupations existing in significant numbers in the national economy.  (Tr. 19-20, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) poultry production eviscerator or deboner with 596,000 such jobs in the nation and 15,000 such jobs in the state; and (2) production line assembler with 583,000 such jobs in the nation and 11,000 such jobs in the state.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date through the date of the ALJ's decision.  *Id.*

Thereafter, on May 29, 2012, Plaintiff requested the review of the Appeals Council.  (Tr. 5). On March 7, 2013, the Appeals Council denied this request.  (Tr. 1-3).  Plaintiff then appealed her case to U.S. District Court for the Western District of Arkansas.  (Tr. 513-522).  Upon review of Plaintiff's case, this Court recommended Plaintiff's case be reversed and remanded for further consideration of her subjective complaints pursuant to *Polaski*.  *Id.*  This recommendation was adopted, and Plaintiff's case was reversed and remanded to the SSA.  *Id.*

The SSA then held a second administrative hearing in Plaintiff's case on August 1, 2014 in Fort Smith, Arkansas. (Tr. 450-485). Plaintiff was represented by counsel, Susan Brockett. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.* After this hearing, the ALJ again entered a fully unfavorable decision. (Tr. 387-403).

In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 393, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 22, 2010, her alleged onset date. (Tr. 393, Finding 2). The ALJ found Plaintiff had the following severe impairments: neurological disorder (other disorders of the nervous system, cubital tunnel syndrome post ulnar nerve transposition); respiratory disorder (chronic pulmonary insufficiency, COPD); cardiovascular disorder (hypertension); endocrine disorder (diabetes mellitus); special/other disorders (obesity); and mental disorders (mood/affective disorders, post-traumatic stress syndrome, depression secondary to medical conditions). (Tr. 393-394, Finding 3). The ALJ also again found Plaintiff's impairments did not meet or equal the requirements of the Listings. (Tr. 394-395, Finding 4).

In this decision, the ALJ again evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 397-402, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant can frequently lift and/or carry ten pounds, and occasionally twenty pounds, push and/or pull within the limits of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can

4

>occasionally use the dominant left upper extremity. The claimant must avoid exposure to fumes, odors, dust, gases, poor ventilation, and similar environments. The claimant can perform work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff did not retain the capacity to perform her PRW. (Tr. 402, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other occupations existing in significant numbers in the national economy. (Tr. 402-403, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) blending tank tender helper with 8,195 such jobs in the United States and 221 such jobs in Arkansas; (2) laminating machine offbearer with 4,866 such jobs in the United States and 70 such jobs in Arkansas; and (3) fruit distributor with 6,636 such jobs in the United States and 100 such jobs in Arkansas. (Tr. 403).

Because Plaintiff retained the capacity to perform these occupations, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from July 22, 2010 through the date of his decision or through May 4, 2015. (Tr. 403, Finding 11). Thereafter, on August 19, 2015, Plaintiff filed her Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

5

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in assessing her RFC; (B) the ALJ erred in assessing her credibility; and (C) the ALJ erred by failing to fully and fairly develop the record. ECF No. 13. The Court will address each of the arguments Plaintiff has raised.

    A.    **RFC Assessment**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 13 at 11-15. With this argument, Plaintiff raises several claims. First, Plaintiff claims the ALJ did not properly consider the findings of her treating physician, Dr. Clifford Evans, M.D. ECF No. 13 at 11-15. Specifically, Plaintiff claims "it is not exactly clear what weight, if any, he gives to the report of Dr. Evans [and his grip strength finding]." *Id.*

The Court has reviewed the ALJ's assessment of Dr. Evans's findings. (Tr. 401). Upon

review, the Court finds Plaintiff is simply mistaken, and the ALJ *did state* what weight he gave Dr. Evans's findings: "Dr. Evans' finding that the claimant has total lack of grip in her left hand is contrary to other credible medical evidence and appears to have been substantially in response to the claimant's subjective allegations.  This finding *is given little weight accordingly*."  (Tr. 401) (emphasis added).  Thus, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ improperly discounted the findings of Dr. Evans and a consulting physician, Dr. Michael R. Westbrook, M.D., regarding Plaintiff's grip strength in her left hand.  ECF No. 13 at 13-15.  Plaintiff claims Dr. Evans found she had 0% grip strength in her left hand while Dr. Westbrook found Plaintiff had 30% grip strength in her left hand.  *Id.*  Plaintiff claims the ALJ erred by failing to adopt these findings regarding her grip strength.  *Id.*

Upon review of the ALJ's opinion, the Court finds the ALJ properly considered these findings from Drs. Evans and Westbrook. (Tr. 397-402).  Notably, the ALJ properly discounted Dr. Evans's finding that Plaintiff entirely lacks left grip strength because those findings appeared to "have been substantially in response to the claimant's subjective allegations." (Tr. 401).  Further, despite Plaintiff's claim regarding Dr. Westbrook's findings, the ALJ *did adopt* Dr. Westbrook's findings regarding grip strength and incorporated those findings in his RFC determination. (Tr. 397).  Specifically, the ALJ found Plaintiff could only perform a limited range of light work and was limited to only *occasionally* using "the dominant left upper extremity."  (Tr. 397).  Thus, the Court finds no basis for reversal on this issue.

Third, Plaintiff claims the ALJ improperly considered her mental impairments. ECF No. 13 at 15.  Plaintiff claims she "has significant mental health issues" and the "RFC in this case would be beyond the scope" of what she would be able to do. *Id.*  Upon review of this claim, however, the

Court finds no basis for reversal on this issue. Indeed, in his opinion, the ALJ fully considered Plaintiff's mental impairments and found she was limited in the following ways due to those impairments: "The claimant can perform work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public." (Tr. 397, Finding 5). Plaintiff has not demonstrated she has any limitations greater than those found by the ALJ. Thus, the Court finds no basis for reversal on this issue.

### B. Credibility Determination

Plaintiff claims the ALJ did not "give any solid, substantiated reasons" for discounting her testimony. ECF No. 13 at 16-18. Thus, Plaintiff claims her case must be reversed and remanded again for further consideration of this issue.[2] *Id.*

Upon review of this claim, however, the Court finds no basis for reversal on this issue. As an initial matter, the Court fully addressed the *Polaski* standard in a previous opinion and will not restate that standard here. (Tr. 513-522). In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* and discounted her subjective complaints for several "good reasons." Notably, the ALJ found that despite Plaintiff's complaints of diabetes, she also reported it was "well controlled." (Tr. 400). Plaintiff reported daily activities included shopping independently, performing household chores, and driving. *Id.* Plaintiff also has a "substantial history of substance abuse" including drug use and alcohol addiction since the age of nine; but, despite those problems, she did not continue to seek treatment and no longer attended Alcoholics Anonymous

---

[2] This case was previously remanded for further consideration of the *Polaski* factors and Plaintiff's subjective complaints. (Tr. 513-522).

9

meetings. *Id.* Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

      **C.**      **Record Development**

Plaintiff claims the ALJ should have "sought further clarification" into her "multiple impairments, including her liver issues and her left arm impairment." ECF No. 13 at 19. In making this argument, however, Plaintiff offers no *specific basis* for a remand in this action. *Id.*

Upon review of Plaintiff's argument on this issue and the briefing in this matter, the Court finds no remand is required. According to well-settled law, reversal due to an ALJ's failure to develop the record is only warranted where such failure is unfair or prejudicial. *See Haley v. Massanari,* 258 F.3d 742, 748 (8th Cir. 2001). A claimant must show that the ALJ's fuller development of the record would have made a difference in his or her case or could have changed the outcome of his or her case. *See Onstead v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993).

In the present action, even assuming the ALJ did not fully and fairly develop the record, Plaintiff still offers no showing of prejudice beyond vaguely claiming that the record was incomplete or insufficient. *See* ECF No. 13 at 18-19. Thus, because there has been no showing of unfairness or prejudice, no remand is required. *See Onstead,* 999 F.2d at 1234 ("absent unfairness or prejudice, we will not remand").

As a final note on this issue, if Plaintiff believed any additional information was necessary in this case, she certainly could have secured it and submitted to the ALJ. The fact this information was not presented to the ALJ indicates it was not significant to the disability determination. *See*

*Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995) ("Although the ALJ has a duty to develop the record despite the claimant's representation by counsel, the fact that Shannon's [claimant's] counsel did not obtain (or, so far as we know, try to obtain) the items Shannon now complains of suggests that these alleged treatments have only minor importance").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of May 2016.**

>                /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE